**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ATL 21 WR OWNER LLC,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:22-cv-421 (MTT)** |
| | ) | |
| **DEWYAN FITZGERALD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Pro se Defendant Dewyan Fitzgerald—who identifies as Moorish American National "Sharrief Bey"—moves for leave to appeal *in forma pauperis*.  Doc. 7. Fitzgerald seeks to appeal the Court's December 7, 2022 order, which granted leave to proceed *in forma pauperis* and dismissed the complaint as frivolous.  Doc. 3.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24.  28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:

(A) shows … the party's inability to pay or to give security for fees and costs;
(B) claims an entitlement to redress; and
(C) states the issues that the party intends to present on appeal.
(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*.  First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal.  In this case, Fitzgerald's application indicates that he is unable to pay the $505 appellate filing fee.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement.  "'[G]ood faith' … must be judged by an objective standard."  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue.  *Id*.; *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981).  An issue "is frivolous if it is 'without arguable merit either in law or fact.'"  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  "Arguable means being capable of being convincingly argued."  *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous … when it appears the plaintiff 'has little or no chance of success.'") (citations omitted).  "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis … for the asserted wrong, however inartfully pleaded.'"  *Sun*, 939 F.2d at 925 (citations omitted).

Although Fitzgerald has not submitted a statement of the issues he intends to appeal, as required under Fed. R. App. P. 24(a)(1)(C), the Court has again reviewed the issues addressed in the Court's order dismissing Fitzgerald's complaint as frivolous.  Doc. 3.  After review, the Court finds that Fitzgerald's appeal is also frivolous.  *See*

*Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff).  The appeal, therefore, is not brought in good faith because Fitzgerald has raised no issues with arguable merit.

Consequently, Fitzgerald's application to appeal *in forma pauperis* (Doc. 7) is **DENIED**.  If Fitzgerald wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee.

**SO ORDERED**, this 13th day of January, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT